FILED

2009 Apr-29  AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| STATES RESOURCES CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-08-S-0864-NE |
| | ) | |
| ENABLING    TECHNOLOGIES, | ) | |
| INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, States Resources Corporation, commenced this action alleging that defendant, Enabling Technologies, Inc., defaulted on its obligations under a promissory note. The action is now before the court on plaintiff's motion for summary judgment seeking the principal balance of the note, together with interest, late fees, attorneys' fees, and costs.[1]

Plaintiff is an Iowa corporation with its principal place of business in Omaha, Nebraska.[2] Defendant is an Alabama corporation with its principal place of business in Huntsville, Alabama.[3] Accordingly, plaintiff bases the jurisdiction of this court on the diversity statute, 28 U.S.C. § 1332(a)(1).[4] In such a case, this

---

[1] *See* doc. no. 10 (Motion for Summary Judgment), ¶ 2.

[2] *See* doc. no. 1, ¶ 1.

[3] *Id.*, ¶ 2.

[4] *Id.*, ¶ 3.

court must apply state substantive law and federal procedural and evidentiary rules. *See*, *e.g.*, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *Klaxon Co. v. Stentor Electric Manufacturing Co*, 313 U.S. 487, 496-97 (1941); *National Distillers and Chemical Corp. v. Brad's Machine Products, Inc.*, 666 F.2d 492, 494-45 (11th Cir. 1982); *Johnson v. William C. Ellis & Sons Works, Inc.*, 609 F.2d 820, 821-22 (5th Cir. 1980) (holding that, "in diversity cases, the Federal Rules of Evidence govern the admissibility of evidence in the federal courts").[5]

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 indicates that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).[6] "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[6] Rule 56 was recently amended in conjunction with a general overhaul of the Federal Rules of Civil Procedure.  The Advisory Committee was careful to note, however, that the changes "are intended to be *stylistic only*."  Adv. Comm. Notes to Fed. R. Civ. P. 56 (2007 Amends.) (emphasis supplied).  Consequently, cases interpreting the previous version of Rule 56 are equally applicable to the revised version.

party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.

> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable [factfinder] to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (internal quotations and citation omitted) (bracketed text supplied).

## II.  SUMMARY OF FACTS

Defendant and non-party individuals Brenda and Joel Jordan ("the Jordans") executed a promissory note with Wachovia Bank, National Association ("Wachovia") in the principal amount of $120,000 on April 18, 2005.[7]  The Jordans signed the note in their official capacities as executive officers of defendant as well as in their individual capacities.[8]  The note provided that

---

[7] *See* doc. no. 10, Exhibit A (promissory note).  Wachovia is the successor by merger to SouthTrust Bank.  *Id.*

[8] *Id.* at 3.

defendant and the Jordans were to "pay this loan in one payment of all outstanding principal plus all accrued unpaid interest on April 17, 2006."[9]  The note further provided for a ten-day grace period if the payment was late, but stated that if the late payment exceeded the grace period, the greater of five percent of the unpaid amount or $10.00 was to be charged.[10]  Lastly, the note provided that defendant and the Jordans would be responsible for payment of reasonable attorneys' fees and expenses incurred for collection of the note.[11]

The Jordans filed a petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code on July 20, 2006, approximately three months after they executed the promissory note.[12]  On August 30, 2006, Wachovia filed a "proof of claim" in the Jordans' bankruptcy action, asserting an unsecured, non-priority claim in the amount of $111,088.74, and a secured claim in the amount of $10,000,

---

[9] *Id*. at 1.

[10] *Id*.

[11] *Id*. at 2.  The note provides, in pertinent part, as follows:

"Lender may hire or pay someone else to help collect this Note if Borrower does not pay.  Borrower will pay Lender that amount.  This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings . . . appeals, and any anticipated post-judgment collection services.  If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law."

*Id*.

[12] *See* doc. no. 12, Exhibit A ("Confirmation Order").

for a total of $121,088.74.[13]  Wachovia attached a "Breakdown of Debt as of July 20, 2006" to the proof of claim, which provided that the principal amount owed on the promissory note was $119,000 and that the addition of $2,020.18 in interest and $68.56 in late fees totaled $121,088.74.[14]

On October 2, 2006, the bankruptcy court ordered that Wachovia was to be paid on its secured claim in the amount of $10,000, plus ten-percent interest.[15] That court further ordered that:

> "[The Jordans'] personal bankruptcy filing shall have no effect on the fact that the underlying note owed to Wachovia Bank, N.A., has matured, that Enabling Technologies, Inc., is responsible for said debt, that Wachovia Bank, N.A., shall continue to proceed with collection efforts against the corporation, and that [t Jordans'] bankruptcy filing shall have no effect on the ability of Wachovia Bank, N.A., to collect on its note and security agreement against Enabling Technologies, Inc.[16]

Two days later, October 4, 2006, the bankruptcy court ordered that "Wachovia Bank shall be paid monthly installments of $890.00 for 11 months or until said claim is paid in full."[17]  Pursuant to this order, a Chapter 13 trustee began monthly distributions to Wachovia.[18]  On or about December 14, 2006, however,

---

[13] *Id*., Exhibit B (Proof of Claim).

[14] *Id*.

[15] *Id*., Exhibit D, ¶ 1.

[16] *Id*., Exhibit D, ¶ 2.

[17] *Id*., Exhibit A (Confirmation Order dated October 4, 2006), ¶ 4.

[18] *See* doc. no. 12, Exhibit E at 2.

Wachovia assigned the note to the plaintiff in this action, States Resources Corporation.[19]   Accordingly, the Chapter 13 Trustee began making the monthly distributions to plaintiff.[20]   In total, the Chapter 13 Trustee paid the full amount of $10,000, plus $880.51 in interest, toward the note in accordance with the order of the bankruptcy court.[21]

Plaintiff commenced this action on May 16, 2008, asserting that "defendant defaulted on its obligation under the promissory note . . . and owes plaintiff the sum of One Hundred Twenty Five Thousand Eight Hundred Forty-Three and 15/100 ($125,843.15) as of December 12, 2007 plus attorney's fees, late fees, and interest, that accrues at a per diem rate of $27.05013."[22]

## III.  DISCUSSION

Plaintiff now has moved for summary judgment, arguing that defendant cannot demonstrate the existence of genuine issues of material fact with respect to the claim that it defaulted on the note and owes a principal amount of $108,819.26, plus interest, late fees, attorneys' fees, and costs.[23]   Plaintiff asserts that the note was unambiguous, and that it has produced sufficient evidence to demonstrate the exact amount owed by defendant.  Plaintiff supports its motion with an affidavit of

---

[19] *See* doc. no. 10, Exhibit C ("Assignment of Note, Mortgage and Loan Documents").

[20] *See* doc. no. 12, Exhibit E at 1-2.

[21] *Id*.

[22] Doc. no. 1, ¶ 7.

[23] *See* doc. no. 10.

Cory Bulter, an Assistant Manager in its Special Assets Division, in which Butler testified that defendant defaulted on the note on April 17, 2006, and that, as of November 20, 2008, defendant owed plaintiff a total of $138,658.46, as calculated on a separate document entitled "Loan Payoff."[24]   The "Loan Payoff" document states:

| | |
|---|---|
| Loan Date | 04/18/2005 |
| Maturity Date | 04/17/2006 |
| Payoff Date | 11/20/2008 |
| | |
| Interest Rate | 5.75000% |
| Per Diem | $17.38085 |
| | |
| Principal Balance | $108,819.26 |
| Accrued Interest | $24,989.89 |
| Fees Due | $4,780.75 |
| Late Fees Due | $68.56 |
| Suspense | $0.00 |
| | |
| Payoff Amount | $138,658.46.[25] |

By way of the affidavit, Bulter testified that, according to his personal knowledge of "the books of the Plaintiff," the calculations in the "Loan Payoff" document were "just and true."[26]

---

[24] *See* doc. no. 10, Ex. D (Affidavit of Cory Butler), ¶¶ 5, 11.

[25] *Id*., Ex. D, "Loan Payoff" as of November 21, 2008.

[26] *Id*., ¶¶ 7, 9.

Defendant does not dispute that it has defaulted on the note.[27]   Rather, defendant broadly argues that "[it] disputes the amount claimed to be owed on the promissory note by Plaintiff," and that "[it] is entitled to certain payments that were made by its co-makers."   Doc. no. 12 at 3.   However, defendant neither specifies why it disputes the amount plaintiff asserts is owed on the note, nor identifies the "certain payments that were made by its co-makers."   The only payment that defendant identifies is the $10,000 amount, plus $880.51 in interest, paid by the Chapter 13 trustee in accordance with the Jordans' bankruptcy plan.

In reply, plaintiff asserts that it credited the $10,000 payment by the Chapter 13 trustee to the principal balance owed on the note, thereby reducing the outstanding principal balance to $108,819.26.[28]   Plaintiff supports this contention with another affidavit of Cory Butler, in which Butler testified to the accuracy of an *updated* "Loan Payoff" document, which provides:

| | |
|---|---|
| Loan Date | 04/18/2005 |
| Maturity Date | 04/17/2006 |
| Payoff Date | 12/29/2008 |
| | |
| Interest Rate | 5.00000% |
| Per Diem | $15.11379 |
| | |
| Principal Balance | $108,819.26 |

---

[27] *See* doc. no. 12.

[28] *See* doc. no. 13, ¶ 1.

| | |
|---|---|
| Accrued Interest | $25,638.27 |
| Fees Due | $4,780.75 |
| Late Fees Due | $68.56 |
| Suspense | $0.00 |
| | |
| Payoff Amount | $139,306.84.[29] |

Plaintiff provides no explanation of why the original principal amount of the note, $120,000.00, was reduced to $108,819.26, when the $10,000 payment by the Chapter 13 trustee was credited. Stated another way, States Resources has not explained the difference between $110,000 ($120,000 - $10,000) and $108,819.26. Moreover, plaintiff provides no explanation of why the "Interest Rate" and "Per Diem" rate differ between the "Loan Payoff" calculations submitted in support of its motion for summary judgment and its reply brief and further differ from the rates listed in their complaint. *Compare* doc. no. 1 (Complaint), ¶ 4 (providing for an interest rate of "7.5 percent per annum") *and* ¶ 7 (providing for "a per diem rate of $27.05013"), *and* doc. no. 10, Ex. D ("Loan Payoff") (providing for an interest rate of 5.75000% and a per diem rate of $17.38085) *with* doc. no. 13, Ex. A ("Loan Payoff") (providing for an interest rate of 5.00000% and a per diem rate of $15.11379).

---

[29] *Id.*, Ex. A, "Loan Payoff" as of December 29, 2008.

Upon consideration of plaintiff's motion, the parties' briefs, and the evidentiary submissions, this court finds that plaintiff is entitled to judgment on the issue of liability — *i.e.*, defendant defaulted on the promissory note. However, this court is unable to determine the amount owed by defendant as damages, because the parties have presented inconsistent descriptions of the obligations under the note.

## IV. CONCLUSION

Based on the foregoing, plaintiff's motion for summary judgment is due to be, and it hereby is, GRANTED in part and DENIED in part. It is ORDERED that plaintiff, States Resources Corporation, shall have and recover of defendant, Enabling Technologies, Inc., the sum and amount of all outstanding principal, unpaid interest, and late fees, together with reasonable attorneys' fees and costs accrued by States Resources. The parties are ORDERED to confer regarding the total amount owed by Enabling Technologies, and to file a status report with the court on or before May 11, 2009, speaking of their efforts to agree on the proper amount. The parties are urged to conduct earnest discussions regarding the amount owed by Enabling Technologies; however, if the parties cannot agree on the amount owed, each party shall submit a brief to this court on or before May 18, 2009, providing a detailed explanation of the total amount owed. The Clerk is directed to close this file.

DONE this 29th day of April, 2009.

United States District Judge